IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **LESLIE ROBERT BURK,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **Cause No. EP-25-CV-99-LS** |
| | § | |
| **WARDEN JACOBS, West Texas** | § | |
| **Detention Facility,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER

Leslie Robert Burk, federal prisoner number 32634-380, challenges the conditions of his confinement through a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. Pet'r's Pet., ECF No. 1. He also moves for injunctive relief pertaining to his legal mail and the conditions of his confinement. Mot., ECF No. 11; Mot., ECF No. 16. He additionally moves for the establishment of a three-judge court. Mot., ECF No. 12. Finally, he seeks a court order for a "financial stipend" to assist him with his medical needs upon release. Mot., ECF No. 14. His § 2241 petition is dismissed for lack of jurisdiction and his motions are denied.

## BACKGROUND

Burk is a 57-year-old prisoner who was confined at the West Texas Detention Facility (WTDF) in Sierra Blanca, Texas, when he filed his petition. Pet'r's Pet., ECF No. 1 at 1. He is, however, no longer in Bureau of Prisons custody. *See* www.bop.gov/inmateloc (search for Reg. No. 32634-380, last visited August 4, 2025).

Burk and his partner formed a business called Atomic Container Homes (ACH) to design and build houses made from ocean shipping containers. *United States v. Burk*, No. 23-50602, 2024 WL 4784969, at *1 (5th Cir. Nov. 14, 2024), *cert. denied*, No. 24-6465, 2025 WL 1020394 (U.S.

1

Apr. 7, 2025). In response to customer allegations of fraud, the FBI opened an investigation into ACH's operations. *Id.* Ultimately, a grand jury in the Western District of Texas, El Paso Division, returned a 33-count indictment against Burk and his partner which included one count of conspiracy to commit wire fraud (Count 1), eighteen counts of wire fraud (Counts 2 through 19), twelve counts of money laundering (Counts 20 through 31), one count of making a false bankruptcy declaration (Count 32), and one count of giving false testimony under oath at his personal bankruptcy proceeding (Count 33). *Id.* After an eleven-day trial, a jury convicted Burk on one count of conspiracy to commit wire fraud (Count 1), twelve counts of wire fraud (Counts 4 through 15), eight counts of money laundering (Counts 21 through 18), one count of making a false bankruptcy declaration (Count 32), and one count of giving false testimony under oath at his personal bankruptcy proceeding (Count 33). *Id.* at *2. The jury acquitted him on the remaining counts. *Id.* The Court sentenced Burk to an aggregate term of 300 months' imprisonment and ordered him to pay $1,556,802.72 in restitution. The Fifth Circuit Court of Appeals affirmed the convictions but remanded the case for re-sentencing. *Id.* at *9. On remand, the Court re-sentenced Burk to an aggregate term of 200 months' imprisonment. Am. J. Crim. Case, ECF No. 962.

In his § 2241 petition, Burk complains about the conditions of his confinement while a prisoner at the WTDF and at the Federal Correctional Institution (FCI) in Bastrop, Texas. Pet'r's Pet., ECF No. 1 at 2. Specifically, he alleges that he was subjected to excessive force during a prison riot at the WTDF on or about November 1, 2022. *Id.* at 10. He adds that he was later denied prescribed medications while a prisoner at the WTDF. *Id.* at 12. He also complains that personnel at FCI Bastrop were deliberately indifferent to his serious medical needs. *Id.* at 3. He claims that he needs "surgery, pain management, physical therapy and more than likely psychotherapy too." *Id.* at 8. He asks the court to "have mercy and release [him] with prejudice from [his] sentence to

go seek all the medical [care he] can't get" while a prisoner. *Id.*

## STANDARD OF REVIEW

A prisoner's "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A prisoner may attack "the manner in which his sentence is carried out or the prison authorities' determination of its duration" through a petition for a writ of habeas corpus under 28 U.S.C. § 2241. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (citations omitted). To prevail, a prisoner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c).

## ANALYSIS

Burk alleges in his habeas petition that while at various confinement facilities he was (1) exposed to excessive force, (2) denied prescribed medications, and (3) subjected to deliberate indifference to his serious medical needs. Pet'r's Pet., ECF No. 1 at 3, 10, 12. He asks the Court to order his release from prison. *Id.* at 8.

Habeas exists solely to "grant relief from *unlawful imprisonment* or custody and it cannot be used properly for any other purpose." *Pierre v. United States*, 525 F.2d 933, 935–36 (5th Cir. 1976) (emphasis added). A civil rights suit, rather than a § 2241 petition, is the proper vehicle for challenging the conditions of confinement. *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) ("We have noted that a habeas petition is the proper vehicle to seek release from custody, while a civil rights suit … is the proper vehicle to attack unconstitutional conditions of confinement and prison procedures."). Unconstitutional conditions of confinement do not warrant release. *Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (citing *Carson v. Johnson*, 112 F.3d 818, 820–21 5th Cir. 1997). Even allegations of mistreatment that amount to cruel and unusual punishment do

3

not nullify an otherwise lawful incarceration or detention. *Cook v. Hanberry*, 596 F.2d 658, 660 (5th Cir. 1979). "If a favorable determination ... would not automatically entitle [the prisoner] to accelerated release ... the proper vehicle is a [civil rights] suit." *Carson*, 112 F.3d at 820–21 (5th Cir. 1997). Thus, courts have dismissed § 2241 petitions challenging conditions of confinement for lack of subject matter jurisdiction. *Boyle v. Wilson*, 814 F. App'x 881, 882 (5th Cir. 2020) (per curiam) (affirming dismissal of § 2241 petition challenging conditions of confinement for lack of jurisdiction).

In his complaints about the excessive use of force and lack of medical care, Burk attacks his conditions of confinement independent of any question related to the fact or duration of his detention. He cannot meet his burden of proving he is in custody in violation of the Constitution or laws or treaties of the United States and thus is not entitled to habeas relief on his claims.

Burk also moves for injunctive relief pertaining to his legal mail and his conditions of confinement. Mot., ECF No. 11; Mot., ECF No. 16. "An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable injury." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). A party seeking a preliminary injunction or temporary restraining order must prove four elements: "(1) substantial likelihood of success on the merits; (2) substantial threat that plaintiff will suffer irreparable injury; (3) injury outweighs any harm the injunction might cause the defendant; and (4) injunction is in the public interest." *Women's Med. Ctr. v. Bell*, 248 F.3d 411, 419 n.15 (5th Cir. 2001). Injunctive relief will be denied if the movant fails to prove any of these four elements. *Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). "A party seeking [an injunction] cannot establish a 'substantial likelihood of success on the merits' of his claim if the court concludes that it lacks

4

jurisdiction to adjudicate the claim altogether." *Nianga v. Wolfe*, 435 F.Supp. 3d 739, 743 (N.D. Tex. 2020).

Additionally, the Fifth Circuit has repeatedly held that a transfer to another prison renders a claim for injunctive relief moot. *See, e.g., Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) ("The transfer of a prisoner out of an institution often will render his claims for injunctive relief moot."); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) ("Herman's transfer … rendered his claims for declaratory and injunctive relief moot."); *Cooper v. Sheriff, Lubbock Cnty.*, 929 F.2d 1078, 1084 (5th Cir. 1991) ("By the time Cooper filed his amended complaint, he was no longer held in the Lubbock County jail. Thus, … his transfer to another prison has rendered moot these claims for relief.").

Burk attacks his conditions of confinement independently of any question related to the fact or duration of his detention. His claims are not cognizable in habeas review. Instead, his claims fit squarely into the scope of a civil-rights action. The fact that he seeks release does not transform his civil rights claims into a proper habeas action. His conditions of confinement, even if proven to be constitutionally deficient, would not warrant his immediate or accelerated release from prison. Thus, he cannot meet his burden to show the likelihood of success on the merits and his petition for a writ of habeas corpus must be dismissed for lack of subject matter jurisdiction. Therefore, his requests for injunctive relief must also be denied because he cannot succeed on the merits.

## CONCLUSIONS AND ORDERS

The Court concludes that Burk's claims alleging excessive force during a prison riot and deliberate indifference to his serious medical needs are not cognizable in a habeas review. Accordingly, the Court further concludes that it lacks the subject matter jurisdiction to determine

5

the validity of his claims—or act on his motions for injunctive relief—in a habeas proceeding pursuant to 28 U.S.C. § 2241. The Court therefore enters the following orders:

**IT IS ORDERED** that Petitioner Leslie Robert Burk's "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241" (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Petitioner Leslie Robert Burk's motions for injunctive relief pertaining to his legal mail and the conditions of his confinement (ECF No. 11 and ECF No. 16) are **DENIED**. His request for a court-ordered post-release financial stipend (ECF No. 16) is also **DENIED**.

**IT IS FURTHER ORDERED** that all pending motions are **DENIED**.

**IT IS FINALLY ORDERED** that the District Clerk shall **CLOSE** this case.

**SIGNED** this 4th day of August 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**